THYSSEN STEEL CORPORATION v
STATE TAX COMMISSION

1. TAXATION—IMPORTED GOODS—ORIGINAL PACKAGE—DEFINITION.

An original package, as used in taxation of imported goods, is a package, bundle, or aggregation of goods, put up in whatever form, covering, or receptacle for transportation, and as a unit transported from one state or nation to another; it is the identical package delivered by the consignor to the carrier at the initial point of shipment, in the exact condition in which it was shipped.

2. TAXATION—IMPORTED GOODS—ORIGINAL PACKAGE—STEEL.

Imported steel was not exempt from taxation by virtue of the immunity granted by the United States Constitution, because the steel was no longer in its original package, where the importer had shipped the steel to a customer, the steel was defective for the customer's order, the customer, pursuant to the importer's orders, decoiled, pickled, oiled and recoiled the steel to meet the requirements of a resale of the steel, because the preparation of the steel necessitated the breaking of the original package (US Const, Art I, § 10[2]).

Appeal from the State Tax Commission. Submitted Division 1 January 13, 1972, at Detroit. (Docket No. 9766.)  Decided February 22, 1972.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur, Taxation § 105.

Thyssen Steel Corporation appealed a personal property assessment, by the City of Detroit, to the State Tax Commission. Assessment affirmed. Thyssen Steel Corporation appeals by leave granted. Affirmed.

*Dingell, Hylton & Zemmol,* for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *Julius C. Pliskow* and *Lawrence W. Morgan,* Assistants Corporation Counsel, for the City of Detroit.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William D. Dexter* and *Richard R. Roesch,* Assistants Attorney General, for the State Tax Commission.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This is an appeal from an order of the Michigan State Tax Commission affirming an assessment on a certain quantity of steel under the control of the plaintiff, an acknowledged importer of foreign steel, on December 31, 1968, tax-assessment day for the year 1969.

Plaintiff, according to its practice heretobefore, stored the imported metal in various warehouses until it could be sold. One customer Noll Equipment Company placed an order in summer of 1967 for 12,386,390 pounds. Deliveries were made to the Intervale Steel Division of Barry Steel Corporation. After about 600,000 pounds of the material had been used it was discovered that the metal was defective.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Thereupon, Noll Equipment Company issued a debit invoice to the plaintiff for 12,090,720 pounds. Later, portions thereof were sold to other customers, but there remained in Intervale's possession under plaintiff's control 5,627,946 pounds of steel on the above-noted tax-assessment day.   Prior thereto, however, on July 18, 1968, plaintiff had directed Intervale Steel by letter to decoil, pickle, oil, and recoil the said steel so as to meet the requirements of an order from the Coil Steel Company.

The plaintiff contends that the subject matter is exempt from taxation by virtue of the immunity granted in US Const, art I, § 10(2).   The defendants, on the other hand, assert that the immunity had been lost upon execution of the directives hereinbefore referred to.

In the interest of brevity we quote from *Detroit* v *Kenwal Products,* 14 Mich App 657, 659 (1968).

"In *Brown* v *Maryland* (1827), 25 US (12 Wheat) 419 (6 L Ed 678), the Supreme Court invalidated a state licensing tax and held that a state could not tax imports as long as the property remained in its original form or package.  *Low* v *Austin* (1872), 80 US (13 Wall) 29 (20 L Ed 517) expanded the principles of *Brown* v *Maryland* to prohibit states from levying *ad valorem* taxes on goods which have not lost their character as imports.  See also *City of Detroit* v *Lake Superior Paper Company* (1918), 202 Mich 22.  Subsequent to *Brown* v *Maryland, supra,* it has become well-established that imports lose their constitutional immunity when the importer (1) sells them or (2) 'breaks up the packages' or (3) puts them to the use for which they were imported. *Youngstown Sheet & Tube Company* v *Bowers* (1959), 358 US 534 (79 S Ct 383, 3 L Ed 2d 490)."

The plaintiff vehemently argues that the case at bar is controlled by *Detroit* v *Klockner, Inc* 383 Mich 76

(1970). We disagree. There the defendant, also an acknowledged importer, entered into a contract whereby it agreed to furnish the Ewald Steel Company various steel products on a continuing basis. Several thousand coils of soft steel wire arrived and were stored in a warehouse. The City of Detroit thereupon levied a personal tax in the sum of $27,460. However, the wire had been damaged by salt water somewhere enroute. Ewald examined the same and promptly rejected it. There the similarity ceases, for the steel therein was still in the original packages and had not been prepared for resale.

The words "original package" have been defined in 15 CJS, Commerce, § 28, p 493, as follows:

"An original package, as applied to interstate and international commerce, is a package, bundle, or aggregation of goods, put up in whatever form, covering, or receptacle for transportation, and as a unit transported from one state or nation to another. It is the identical package delivered by the consignor to the carrier at the initial point of shipment, in the exact condition in which it was shipped."

This quantity of steel herein considered had been in the possession of the plaintiff for more than a year. Naturally, plaintiff was interested in disposing of the same; and to that end, the necessary improvements were made as per the letter of July 18, 1968. The words "decoil, oil and recoil" are of common usage and understanding, but "pickle" requires some explanation. The term is defined in The American College Dictionary as follows:

"An acid or other chemical solution in which metal objects are dipped to remove oxide scale or other adhering substances."

These activities were carried on at the express direction of the plaintiff in order to secure a resale.

The steel was no longer in the original packages and was prepared by this process for sale to the Coil Steel Company as hereinbefore referred to.

Since the preparation of this steel necessitated the breaking of the original packages, this steel lost its character as an import and was therefore properly subject to the Detroit tax.

The plaintiff further contends that if the metal as processed is subject to taxation, it in truth and in fact had been sold. Nevertheless, the steel was under its control and in its constructive possession. The pertinent part of MCLA 211.47; MSA 7.91 provides as follows:

"Provided, that when any person having possession of the personal property of any other person, firm or corporation shall be assessed for such property, and shall be obliged to pay the taxes thereon, such person, firm or corporation so paying the taxes, may recover of the person, firm or corporation for whose benefit the taxes were paid, the money so paid, with the interest thereon in an action of assumpsit."

The decision of the Michigan State Tax Commission is hereby affirmed. No costs.

All concurred.